IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHNNIE WILL HARRIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CV-286-WKW |
| | ) | |
| ANDY GUNTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 29, 2017, the Magistrate Judge filed a Recommendation (Doc. # 29) as to Defendant Food Giant Supermarkets, Inc.'s Renewed Partial Motion to Dismiss (Doc. # 11)[1] and Defendant Andy Gunter's Motion to Dismiss (Doc. # 16). On December 13, 2017, Plaintiff Johnnie Will Harris, Jr. filed objections (Doc. # 30) to the Recommendation. Defendant Gunter responded and also objected to the dismissal of Counts I and VI without prejudice and with leave to amend.[2] (Doc. # 34.) Also on December 13, 2017, Defendant Gunter filed objections (Doc. # 31) to the Recommendation. Upon an independent and de novo review of those portions

---

[1] On February 5, 2018, pursuant to the stipulation of dismissal filed by Plaintiff and Defendant Food Giant, the court denied Food Giant's motion to dismiss (Doc. # 11) as moot. (Doc. # 37.) Pursuant to the stipulation, Plaintiff dismissed all claims against Food Giant with prejudice and, consequently, the court need not address the Recommendation as it pertains to claims against Food Giant.

[2] Although objections raised in Gunter's response brief are untimely, they will be considered.

of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), the Recommendation is due to be adopted as to Defendant Gunter. The stipulated dismissal of Plaintiff's claims against Food Giant moots the remainder of the Recommendation.

## I. FACTS[3]

Plaintiff alleges that, in December 2014, someone cashed a forged check in Plaintiff's name at Food Giant's Elba, Alabama store. (Doc. # 3 at ¶¶ 3, 10.) Food Giant had video surveillance footage of the incident and took fingerprints of the person who cashed the check. (Doc. # 3 at ¶¶ 7, 10.) The surveillance video and fingerprints conclusively proved that Plaintiff was not the person who committed the forgery. (Doc. # 3 at ¶¶ 7, 10.) Nevertheless, on October 27, 2015, Plaintiff was arrested for the forgery pursuant to a warrant that was based on a complaint by Defendant Gunter, an Elba, Alabama police officer. (Doc. # 3 at ¶¶ 1-2.) The grand jury of Coffee County issued a "no bill" in the case against Plaintiff. (Doc. # 3 at ¶ 13.)

Plaintiff alleges that, at the time Defendant Gunter swore out the complaint, one or more of the following was true: (1) Defendant Gunter knew that Plaintiff was

---

[3] "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to [the] plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

not the person who cashed the forged check; (2) Defendant Gunter should have known that Plaintiff was not the person who cashed the forged check; (3) Defendant Gunter had the video and/or fingerprint evidence in his possession and therefore knowingly charged the wrong person; and/or (4) Defendant Food Giant concealed or refused to provide Defendant Gunter with the surveillance footage and/or fingerprint evidence and maliciously sought to prosecute Gunter in an effort to collect from him on the bad check. (Doc. # 3 at ¶¶ 5, 7-13.)

Plaintiff further alleges that Defendant Food Giant "identified [Plaintiff] as the person cashing the check, notwithstanding the video evidence showing the person was not [Plaintiff]." (Doc. # 3 at ¶ 24.)

## II. DISCUSSION

### A. **Plaintiff's Objections to Dismissal of Claims against Defendant Food Giant**

Plaintiff objected to the Recommendation that claims against Defendant Food Giant be dismissed. However, on February 2, 2018, Plaintiff's claims against Defendant Food Giant were dismissed by joint stipulation. (Doc. # 36; Doc. # 37.) Therefore, the grounds set forth in the Recommendation for dismissal of those claims are now moot.

B.  **Objections Pertaining to Count I of the Second Amended Complaint Against Defendant Gunter**

In Count I, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 against Defendant Gunter for malicious prosecution on grounds that Defendant Gunter had Plaintiff arrested without probable cause.  Gunter moved for dismissal of Count I.  After holding a hearing, the Magistrate Judge entered his Recommendation that Count I of the Amended Complaint be dismissed without prejudice as to Defendant Gunter to allow Plaintiff amend his complaint to more clearly state factual allegations alleging the absence of probable cause.  *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256-57 (11th Cir. 2010) (holding that, "to establish a § 1983 malicious prosecution claim" arising out of an arrest pursuant to a warrant in Alabama, "the plaintiff must prove," among other things, that he was arrested without probable cause).

Plaintiff objects to the Recommendation that Count I be dismissed without prejudice and with an opportunity to amend.  He contends that his pleading sufficiently alleges that Defendant Gunter possessed the video surveillance footage and fingerprint evidence, but that Defendant Gunter nevertheless arrested Plaintiff knowing that probable cause was lacking.  Count I does include an allegation that, "[b]y his actions, [Defendant] Gunter had [P]laintiff arrested knowing [Plaintiff] was

4

not the person who cashed the check."[4] (Doc. # 3 ¶ 29.) Taken in the light most favorable to Plaintiff (as is required when considering a motion to dismiss, *see Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016)), the factual allegations of the complaint are minimally sufficient to support a reasonable inference that, based on surveillance footage and fingerprint data in his possession, Defendant Gunter knew that someone other than Plaintiff cashed the forged check but still swore out the complaint against Plaintiff.

Defendant Gunter objects to the Recommendation that dismissal be without prejudice because he contends that the allegations of the complaint are sufficient to establish that he had arguable probable cause to arrest Plaintiff and, therefore, is entitled to qualified immunity on Count I. *See Grider*, 618 F.3d at 1257 (holding that, "[t]o receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause," which "exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants

---

[4] Due in part to the express allegation in Count I that Defendant Gunter had Plaintiff arrested when he knew that Plaintiff was not the person who cashed the forged check, the court disagrees with the Magistrate Judge's conclusion that "[a] review of the Second Amended Complaint . . . reveals that Plaintiff does not allege [Defendant] Gunter's lack of probable cause in Count [I]." (Doc. # 29 at 8.) If the factual allegation that Defendant Gunter knew Plaintiff did not cash the forged check is true, then Defendant Gunter did not have probable cause. *Myers v. Bowman*, 713 F.3d 1319, 1326 (11th Cir. 2013) (holding that probable cause exists "when the facts and circumstances within the officer's knowledge, of which [the officer] has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense" (citations and internal quotation marks omitted)).

could have believed that probable cause existed to arrest Plaintiff" (citations and internal quotation marks omitted)). Seizing on the fact that an officer is generally allowed to rely on a victim's complaint to establish probable cause, *Myers v. Bowman*, 713 F.3d 1319, 1326 (11th Cir. 2013), Defendant Gunter emphasizes that the complaint contains an alleges Food Giant "identified [Plaintiff] as the person cashing the check, notwithstanding the video evidence showing the person was not [Plaintiff]." (Doc. # 3 at ¶ 24.)

The problem with Defendant Gunter's argument is that it requires the court to view the alleged facts in the light least favorable to Plaintiff, which is not appropriate at the motion-to-dismiss stage. *Dusek*, 832 F.3d at 1246. Even if Food Giant "identified [P]laintiff" as the culprit *to Defendant Gunter*,[5] that allegation must be viewed in the context of the Second Amended Complaint, which presents several alternative and mutually exclusive factual allegations and theories of liability. As one theory of liability, Plaintiff alleges a set of facts suggesting that, in a malicious effort to recoup the funds from the forged check, Defendant Food Giant concealed the truth from Defendant Gunter and deliberately accused Plaintiff knowing he was innocent. A number of factual allegations in the Second Amended Complaint align with that theory, such as the allegation that Defendant Food Giant withheld the

---

[5] The Second Amended Complaint does not state to whom Defendant Food Giant identified Plaintiff as the culprit.

surveillance footage and fingerprints from Defendant Gunter and that Defendant Food Giant identified Plaintiff as the culprit.  Under that theory, Defendant Gunter would have simply been the unwitting pawn of Defendant Food Giant, and he may have reasonably relied on Food Giant's false accusations as probable cause.

However, Plaintiff *also* alternatively alleges that Defendant Food Giant gave Defendant Gunter the surveillance footage and fingerprint evidence and that Defendant Gunter knew Plaintiff was not the culprit.  Notably, specifically within Count I, Plaintiff expressly alleged that, "[b]y his actions, [Defendant] Gunter had [P]laintiff arrested knowing [Plaintiff] was not the person who cashed the check."  (Doc. # 3 ¶ 29.)  Taken in the light most favorable to Plaintiff, those allegations are minimally sufficient to support a reasonable inference that Defendant Gunter did not have arguable probable cause to make the arrest and is not entitled to qualified immunity on Count I at this stage of the proceedings.

Defendant Gunter also argues that the Magistrate Judge "correctly determined that [Defendant] Gunter is entitled to qualified immunity because the complaint does not plausibly demonstrate that [Defendant] Gunter harbored malice toward Plaintiff."  (Doc. # 33 at 11.)  On this point, Defendant Gunter's argument fails for two reasons.  First, Defendant Gunter does not indicate why the lack of an allegation of actual malice would entitle him to qualified immunity on Count I, particularly where, as here, the factual allegations sufficiently state that Defendant Gunter knew

7

he lacked probable cause to make the arrest. Second, Defendant Gunter misunderstands the Recommendation. The Magistrate Judge found that Plaintiff failed to allege that Defendant Gunter acted with malice, which, as an element of the Alabama tort of malicious prosecution, is necessary to establish a § 1983 claim of malicious prosecution in Alabama. (Doc. # 29 at 8.) The court disagrees with the Magistrate Judge's finding in this regard. Legal malice, as is required to satisfy the elements of a claim for malicious prosecution under Alabama law, "can be inferred from the lack of probable cause." *Ex parte Tuscaloosa Cty.*, 796 So. 2d 1100, 1107 (Ala. 2000). Because Plaintiff *did* allege minimally sufficient facts to establish a lack of probable cause, he also alleged minimally sufficient facts to satisfy the legal malice element of the malicious prosecution claim.

Despite the fact that Plaintiff's allegations are minimally sufficient to state a § 1983 claim for malicious prosecution and to overcome Defendant Gunter's qualified immunity defense at the motion-to-dismiss stage, the court agrees with the Magistrate Judge as to the propriety of dismissal without prejudice to file an amended complaint. Food Giant has been dismissed from the case pursuant to a stipulation of dismissal. Plaintiff's allegations against Defendant Food Giant are likely to confuse the issues and obscure the nature of the remaining claims against Defendant Gunter. Further, all parties would benefit from the more detailed factual allegations Plaintiff offered at the hearing as to why Defendant Gunter knew Plaintiff

was innocent and how the surveillance video negates probable cause. Moreover, requiring an amended complaint will not prejudice Plaintiff because, since filing his objections, he also has filed a motion for leave to amend. (Doc. # 38.) Therefore, Plaintiff's objection to dismissing Count I without prejudice as to Defendant Gunter will be overruled.

**C.      Objections Pertaining to Count VI of the Amended Complaint Against Defendant Gunter**

In Count VI, Plaintiff asserts a state-law claim against Defendant Gunter for malicious prosecution on grounds that Defendant Gunter had Plaintiff arrested without probable cause. The Magistrate Judge recommended that Count VI of the Second Amended Complaint be dismissed without prejudice as to Defendant Gunter to allow Plaintiff to file an amended complaint that more clearly alleges malice and lack of probable cause.

Plaintiff objects to dismissal of Count VI on the same grounds as he objects to dismissal of Count I. However, Plaintiff is not opposed to filing an amended complaint restating Count VI with more specificity. Because Plaintiff will be allowed an opportunity to amend, Plaintiff's objection to dismissal of Count VI as to Defendant Gunter will be overruled.

Defendant Gunter argues, however, that Count VI should be dismissed with prejudice because Count VI (1) fails to allege facts sufficient to establish probable cause and (2) fails to allege actual malice, as is necessary to overcome Defendant

9

Gunter's *prima facie* showing that he is entitled to state-agent immunity on Count VI. (Doc. # 33 at 17-18.)

As more fully explained in Section II.B., the Second Amended Complaint does include factual allegations that, viewed in the light most favorable to Plaintiff, are sufficient support a theory that Defendant Gunter (1) did not have actual or arguable probable cause to arrest Plaintiff and (2) acted with legal malice. These allegations satisfy the requisite element of a claim of malicious prosecution under Alabama law.

As Defendant Gunter argues,[6] "malice in law, or legal malice," while a necessary element of a malicious prosecution claim under Alabama law, "is not sufficient to defeat a state agent's defense of discretionary-function immunity." *Ex parte Tuscaloosa Cty.*, 796 So. 2d 1100, 1107 (Ala. 2000). Under Alabama law, to overcome a defendant's *prima facie* showing[7] of the applicability of discretionary

---

[6] Defendant Gunter does not cite legal authority to support his assertion that Plaintiff's complaint must contain factual allegations of actual malice that are not necessary to support any element of Plaintiff's state-law malicious prosecution claim, but, instead, would serve to rebut Defendant Gunter's affirmative state-law qualified immunity defense.

[7] The court notes the burden-shifting nature of state agent and discretionary function immunity under Alabama law. First, the defendant must demonstrate that the plaintiff's claims arise from the defendant's exercise of a function that would entitle him to immunity, *i.e.*, that he was acting as a state agent "'exercising judgment in the enforcement of the criminal laws of the state,'" or was engaged in a discretionary function in the capacity of a peace officer. *Ex parte Harris*, 216 So. 3d 1201, 1209 (Ala. 2016) (quoting *Hollis v. City of Brighton*, 950 So. 2d 300, 309 (Ala. 2006)). Although there are other ways to demonstrate that a police officer is engaged in a discretionary function, in cases of false arrest, false imprisonment, and malicious prosecution, the officer may do so by showing that he had "arguable probable cause" to make an arrest. *Borders v. City of Huntsville*, 875 So. 2d 1168, 1180 (Ala. 2003). Once the defendant shows that he was

function or state-agent immunity, a plaintiff must show malicious, bad faith, or willful conduct. *Id.* A plaintiff may satisfy this burden by showing malice in fact, or actual malice, *i.e.*, by demonstrating that the defendant's conduct was "'so egregious as to amount to willful or malicious conduct engaged in in bad faith,'" such as by showing that the defendant bore "'personal ill will against the [plaintiff] and that he maliciously or in bad faith arrested him solely for purposes of harassment.'" *Id.* (quoting *Couch v. City of Sheffield*, 708 So. 2d 144, 153–54 (Ala. 1998), *abrogated on other grounds by Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000)).

Plaintiff alleges facts from which it reasonably can be inferred that Defendant Gunter swore out the complaint knowing that Plaintiff was innocent. Plaintiff alleges that "the purpose of the charges by [Defendant Gunter and Food Giant] was to illegally and improperly collect money from [Plaintiff]." (Doc. # 3 at ¶ 15.) Viewed in the light most favorable to Plaintiff, these allegations are sufficient to support a reasonable inference that Defendant Gunter had Plaintiff arrested willfully, in bad faith, and for the purpose of harassment. Therefore, at this stage of the

---

engaged in a function that would entitle him to immunity, the burden shifts to the plaintiff to demonstrate that a recognized exception to state-agent immunity applies—for example, that the Defendant acted willfully, fraudulently, in bad faith, beyond his authority, or under a mistaken impression of the law. *Harris*, 216 So. 3d at 1209.

11

proceedings, Count VI is not due to be dismissed on the basis of Defendant Gunter's state law immunity defense.

D. **Defendant Gunter's Objection to Providing Plaintiff Another Opportunity to Amend**

Defendant Gunter objects to the Magistrate Judge's Recommendation that dismissal of Counts I and VI be without prejudice and that Plaintiff be permitted an additional opportunity to amend. Defendant Gunter argues that dismissal should be with prejudice because Plaintiff has already had multiple opportunities to amend. (Doc. # 31.)

As explained in Section II.B.-C., the court disagrees with the Magistrate Judge's conclusion that Counts I and VI in the Second Amended Complaint are insufficient to state a claim. Instead, the court finds that Plaintiff's complaint, while not a model pleading, is minimally sufficient to survive the motion to dismiss as to those two counts. Therefore, dismissal with prejudice is not appropriate, and dismissal without prejudice will not prejudice Defendant Gunter. Rather, providing Plaintiff an opportunity to amend will streamline the case by removing potentially confusing allegations against dismissed Defendant Food Giant, providing a more informative statement of Plaintiff's remaining claims, and eliminating superfluous causes of action.[8] *See Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't*

---

[8] In adopting the Magistrate Judge's Recommendation, the court agrees with the Magistrate Judge's decision to provide Plaintiff an opportunity to file a motion for leave to amend.

*of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (noting that "[l]eave to amend shall be freely given when justice so requires" (citations and internal quotation marks omitted)).

**E.    Remaining Counts Against Defendant Gunter**

Plaintiff did not object to the dismissal of Counts II, III, IV, and V[9] against Defendant Gunter.  Upon an independent review of the record and upon consideration of the Recommendation, the court concludes that those counts are due to be dismissed with prejudice as to Defendant Gunter.

### III.    CONCLUSION

Accordingly, it is ORDERED:

1.    Plaintiff's objections (Doc. # 30) are OVERRULED.

2.    Defendant Andy Gunter's objections (Doc. # 31; Doc. # 34) are OVERRULED.

3.    The Recommendation (Doc. # 29) is ADOPTED as to the conclusions that Counts I and VI against Defendant Gunter shall be dismissed without prejudice and that Counts II, III, IV, and V against Defendant Gunter should be dismissed with prejudice.

---

The court expresses no opinion as to the merits of Plaintiff's pending motion to amend or as to whether Plaintiff has demonstrated that his proposed amendment should be allowed.  (Doc. # 38.)

[9] The remaining counts of the Second Amended Complaint (Counts VII and VIII) were asserted solely against former Defendant Food Giant and not against Defendant Gunter.

4. The Recommendation is MOOT as to its conclusions pertaining to claims against former Defendant Food Giant.

5. Defendant Andy Gunter's motion to dismiss (Doc. # 16) is GRANTED as to Counts II, III, IV, and V of the Second Amended Complaint, and those counts are DISMISSED with prejudices as to Defendant Gunter.

6. Defendant Andy Gunter's motion to dismiss (Doc. # 16) is DENIED as to Counts I and VI of the Second Amended Complaint, and those counts are dismissed without prejudice as to Defendant Gunter.

7. This case is REFERRED back to the Magistrate Judge for a ruling on Plaintiff's motion to amend and for further proceedings on Plaintiff's § 1983 and state-law malicious prosecution claim against Defendant Gunter.

DONE this 21st day of March, 2018.

                                           /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE