UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
Southern Division

Johnnie Will Harris, Jr.         )
                                 )
    Plaintiff,               )
                                 )
vs.                              )     Case Number 1:17cv-0286
                                 )
Andy Gunter,                     )
                                 )
    Defendant.               )

## THIRD AMENDED COMPLAINT

Pursuant to the order entered on March 22, 2018, this amended complaint is filed by Johnnie Will Harris against Andy Gunter, the sole defendant in this case.

### JURISDICTION AND VENUE

1. Jurisdiction of this action in this court is conferred by 28 U.S.C. §§ 1331 and 1367. The federal questions are 42 U.S.C. § 1983, the Fourth, and the Fourteenth Amendments to the Constitution of the United States of America.

2. Venue is established by order of the District Court for the Northern District of Alabama dated April 24, 2017, transferring the case to the Middle District of Alabama, Southern Division.

### FACTS APPLICABLE TO ALL COUNTS

3. On October 27, 2015, the plaintiff was arrested at his home in Hoover, Jefferson County, Alabama by the Hoover police. He was taken to jail in Elba,

Alabama by Elba police, where he remained until he posted an appearance bond in the amount of $2,000.00 at a substantial cost.

4. The arrest was pursuant to a warrant filed in the District Court of Coffee County, Alabama, Elba Division, which was based on a criminal complaint made by Andy Gunter, a policeman with the police department of the City of Elba, Alabama.

5. The criminal complaint signed by Andy Gunter alleged that the plaintiff, Johnnie Will Harris, Jr., on or about December 14, 2014 with the intent to defraud uttered a forged check, a copy of which was attached to the complaint.

6. Specifically the criminal complaint stated:

... that he/she has probable cause for believing and does believe that
Johnnie Will Harris Jr. Defendant whose name is otherwise unknown
to the complainant, did within the above named county and did on or
about December 14, 2014, with intent to defraud, possess or utter a
forged instrument as follows: see copy of check having knowledge
that said instrument was forged in violation of 13A-009-006 ... ."

7. This complaint does not reference any witnesses, or state any facts but the belief of Andy Gunter.

8. A poor copy of a forged check was attached to the criminal complaint and was cashed at a grocery store operated by Food Giant Supermarkets, Inc d/b/a Food Giant in Elba; Alabama.

9. The check attached to the criminal complaint does not appear (it is a very

small and poor copy) to refer to plaintiff.

10. At the time he signed the arrest warrant Andy Gunter knew that the check was forged and knew that it was not cashed by, or ever in the possession of, the plaintiff.

11. The plaintiff, Johnnie Will Harris, Jr. has never been in Food Giant in Elba, Alabama, never made or presented any check to it, and has never been employed, or represented himself to be employed by the Cocoa Cola Bottling Company.

12. Food Giant Supermarkets, Inc d/b/a Food Giant in Elba; Alabama, had a surveillance camera which made a video of the incident and which showed that the Plaintiff was not the person who cashed the check.

13. Andy Gunter was aware of this video, it was in his possession and control and he had access to it at the time he made the charge in this case giving Andy Gunter knowledge of the contents of the video.

14. Andy Gunter had a print out copy of plaintiff's drivers license with a photograph of plaintiff that, when compared to the man in the video, shows that plaintiff is not the person who cashed the check.

15. Food Giant Supermarkets, Inc d/b/a Food Giant in Elba; Alabama, took fingerprints of the person who cashed the check which showed that the plaintiff was not the person who cashed the check.

16. Andy Gunter, as a police officer, had access to the finger print files and acted in reckless disregard for the fingerprint findings such that he is charged with knowledge of contents and results had the finger prints been compared.

17. When Andy Gunter prepared the criminal complaint he knowingly charged the wrong person.

18. The Grand Jury of Coffee County, Alabama, issued an "No Bill" of the case against the plaintiff.

19. The purpose of the charges by the defendants was to illegally and improperly collect money from Johnnie Will Harris, Jr.

20. Andy Gunter acted so that a local business could collect on a check from Johnnie Will Harris, Jr. whether or not Johnnie Will Harris, Jr. cashed the check.

21. No reasonable person in Andy Gunter's position would believe that plaintiff cashed the check.

22. Andy Gunter had plaintiff arrested and prosecuted knowing plaintiff was not the person who cashed the check; knowingly arresting and prosecuting the wrong person.

23. Andy Gunter acted willfully in that he had plaintiff arrested, charged and prosecuted knowing the plaintiff was not the person who cashed the check; willfully arresting and prosecuting the wrong person.

24. Persons, who are unknown to the plaintiff, Johnnie Will Harris, Jr., somehow acquired personal information about the plaintiff, and during 2013 and 2014 used the unlawfully obtained personal information to cash counterfeit payroll checks of various employers at various locations.

25. Said locations include Johnson's Giant Foods #4, 1720 E. Meighan Blvd, Gadsden, AL 35903; Food Giant at 638 N. Claxton Avenue, Elba, AL 36323; Foodland, 14001 U.S. Highway 43, Russellville, AL35653; and Piggly Wiggly, 620 Cherry Valley Shopping Center; Lanett, AL36863.

26. The police at Rome, Georgia; Tarrant, Alabama; and Attalla, Alabama, did an investigation of unknown persons impersonating the plaintiff, cashing checks at places of business in those cities, reviewed the video and or the thumb print as well as the checks themselves, and no charges were made against the plaintiff relative to those locations.

27. However the Andy Gunter did not act in accordance with the Rome, Georgia; Tarrant, Alabama; and Attalla, Alabama persons, he filed unfounded charges against plaintiff based upon the acts of the unknown persons impersonating the plaintiff.

28. The plaintiff has employed an attorney, Jonathan E. Lyerly, 2330 Highland Avenue, Birmingham, AL 35205 to represent him in said action.

29. Plaintiff's arrest, detention, bond costs, attorney's fees, and other

expenses of his arrest and prosecution were proximately caused by Andy Gunter.

30. The damages which include mental anguish, monies paid for appearance bonds, and to his attorney for the defense of said case were proximately caused by the actions of Andy Gunter.

31. Plaintiff also demands punitive damages for the knowing and intentional acts by Andy Gunter.

## COUNT ONE (42 U.S.C. § 1983 Malicious Prosecution )

32. The plaintiff adopts paragraphs 1 through 31 as if set forth herein.

33. The defendant deprived the plaintiff of his rights by having plaintiff arrested and prosecuted without probable cause in violation of the Fourth Amendment and the Fourteenth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

34. Andy Gunter acted under color of state law, as a police officer, to affect the rights of the plaintiff by having plaintiff arrested and prosecuted.

35. The criminal complaint signed by Andy Gunter as stated in paragraphs 5 and 6 sets forth no facts and no evidence other than Andy Gunter's belief that plaintiff cashed the check; consequently, it is only sufficient if Andy Gunter had reason to believe and believed plaintiff was the person who cashed the check.

36. Andy Gunter had no probable cause to sign the criminal complaint used

to obtain the arrest warrant which caused plaintiff's arrest and prosecution.

37. No prudent person in Andy Gunters position, given the trustworthy facts in his possession and of which he had knowledge of, would believe that probable cause existed for plaintiff's arrest or prosecution.

38. Reasonable officers in the same circumstances and possessing the same knowledge as Andy Gunter could not believe that probable cause existed to arrest plaintiff.

39. Andy Gunter acted maliciously in charging the wrong person.

40. Andy Gunter acted with malice in that he had plaintiff arrested, charged, and prosecuted knowing the plaintiff was not the person who cashed the check.

41. Andy Gunter acted with malice in that he caused plaintiff to be arrested, charged, and prosecuted so that a local business could collect on a check from Johnnie Will Harris, Jr. whether or not Johnnie Will Harris, Jr. cashed the check.

Wherefore: Plaintiff, Johnnie Will Harris, Jr., claims damages from the defendant, Andy Gunter, in the amount of Two Hundred Thousand Dollars ($200,000.00), and such other relief which he may be entitled to in the premises.

**COUNT TWO** (State Law Malicious Prosecution)

42. The plaintiff adopts the allegations numbered 1 through 31 as if set forth

herein.

43. The criminal complaint signed by Andy Gunter as stated in paragraph 5 and 6 sets forth no facts and no evidence other than Andy Gunter's belief that plaintiff cashed the check; consequently, it is only sufficient if Andy Gunter had reason to believe and believed plaintiff was the person who cashed the check.

44. Andy Gunter had no probable cause to sign the criminal complaint used to obtain the arrest warrant and cause plaintiff's arrest and prosecution but he nevertheless did cause plaintiff's arrest and prosecution.

45. Andy Gunter had no probable cause to sign the criminal complaint and the check attached to the criminal complaint does not appear (it is a very small and poor copy) to refer to plaintiff.

46. No prudent person in Andy Gunters position, given the trustworthy facts in his possession and of which he had knowledge of, would believe that probable cause existed for plaintiff's arrest.

47. Reasonable officers in the same circumstances and possessing the same knowledge as Andy Gunter could not believe that probable cause existed to arrest plaintiff and prosecute plaintiff.

48. Andy Gunter acted maliciously in charging the wrong person.

49. Andy Gunter acted with malice in that he had plaintiff arrested, charged and prosecuted knowing the plaintiff was not the person who cashed the check.

50. Andy Gunter acted with malice in that he caused plaintiff to be arrested so that a local business could collect on a check from Johnnie Will Harris, Jr. whether or not Johnnie Will Harris, Jr. cashed the check.

51. The actions of Andy Gunter constitute malicious prosecution under the laws of the State of Alabama.

Wherefore: Plaintiff, Johnnie Will Harris, Jr., claims damages from the defendant, Andy Gunter, in the amount of Two Hundred Thousand Dollars ($200,000.00), and such other relief which he may be entitled to in the premises.

_____
Kenneth Lee Cleveland
Attorney for Johnnie Will Harris, Jr.

_____
Charles Cleveland
Attorney for Johnnie Will Harris, Jr.

Cleveland & Cleveland, P.C.
2330 Highland Avenue South
Birmingham, Alabama 35205
(205) 322-1811
E-mail: Clevelandatty@hotmail.com

**Plaintiff demands a trial by jury.**

_____
Kenneth Lee Cleveland
Attorney for Johnnie Will Harris, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading by Electronic Filing System which sends notice to all listed counsel of record.

_/s/ Kenneth Lee Cleveland_
Kenneth Lee Cleveland